SLIP OPINION



Cite as 2015 Ark. App. 652

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-15-334

| | |
|---|---|
| NAGHMEH NAJAFABADI<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES and HOME<br>INSTEAD SENIOR CARE<br>APPELLEES | **Opinion Delivered** November 12, 2015<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2015-BR-00896]<br><br><br><br>REVERSED |

**PHILLIP T. WHITEAKER, Judge**

Naghmeh Najafabadi appeals the decision of the Arkansas Board of Review ("the Board") finding that she was disqualified from benefits because she made a false statement or material misrepresentation of fact when filing a claim for unemployment benefits. We reverse.

Najafabadi filed a claim for unemployment benefits when she was laid off from Tyson Distribution Center. At the time she was laid off, she also had a job with Home Instead Senior Care. The Department of Workforce Services ("the Department") issued a "Notice of Agency Determination" disqualifying Najafabadi from benefits because she failed to report her work or earnings from Home Instead.

Najafabadi appealed the Department's decision to the Arkansas Appeal Tribunal ("the Tribunal"). The Tribunal affirmed the Department's disqualification from benefits, finding

that there was sufficient evidence that Najafabadi provided false information to the Department in an effort to receive benefits to which she was not entitled.

Najafabadi appealed the Tribunal's decision to the Board, which affirmed. In doing so, the Board wrote that "when she filed her initial claim, the claimant received an unemployment-insurance handbook from the Department" that explained her rights and responsibilities, as well as a warning against failing to report total earnings. The Board stated that, "[a]s the claimant received the handbook, it was her responsibility to read it and to request assistance if necessary from the Department." The Board therefore concluded that Najafabadi willfully made false statements or misrepresentations of material facts when filing her claim for benefits. Najafabadi timely appealed the Board's decision to this court.

On appeal, the Board's findings of fact are reviewed in the light most favorable to the prevailing party, and the Board's decision is reversed only when the findings are not supported by substantial evidence. *Theophile v. Dir.*, 2014 Ark. App. 462, 441 S.W.3d 66; *Occhuzzo v. Dir.*, 2012 Ark. App. 117. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Theophile*, *supra*. Even where there is evidence from which the Board might have reached a different conclusion, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence before it. *Id*. The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Occhuzzo*, *supra*.

2

In this case, the Board made a factual finding that Najafabadi received a copy of an unemployment–insurance handbook. This finding is not supported by the evidence in the record. The only evidence in the record regarding the delivery of the handbook came from Najafabadi. Najafabadi testified that she filed for benefits after losing her job at Tyson, but she agreed that she was still working for Home Instead at the time.[1] She said that, when she filed her claim online, her second job was "already in the system," and she therefore did not think that she had to list that employment on her application. Najafabadi said that no one helped her file her weekly claim, and she did not remember whether she had received a handbook when she filed her claim.[2] No other evidence or testimony regarding the handbook was introduced at the hearing.

The Board did not make a specific finding that Najafabadi was not a credible witness, nor did the Board point to a statute, rule, or regulation by which the dissemination of the handbook to a claimant is required or automatic. In making a factual finding that Najafabadi received a copy of the handbook, the Board essentially interposed itself as an adverse party, rather than an impartial tribunal for the resolution of a dispute. The Board's decision is therefore not supported by substantial evidence, and it is reversed.

Reversed.

---

[1] Najafabadi's employment with Home Instead had ended prior to the hearing.

[2] There are computer notations on a "service file inquiry" that state "GAVE ALL REQ UI DOCS, ADV W03, WP, DD DC, HOW TO REP $ & OTHER PAY," as well as language on the "Confirmation Page" sent after the Department received the claim stating, "Refer to the UI Handbook for more information." Neither document, however, provides affirmative proof that the claimant actually received the handbook.



GLOVER and BROWN, JJ., agree.

*Naghmeh Najafabadi*, pro se appellant.

*Phyllis Edwards*, Associate Counsel, for appellee.